IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMANDA MARTIN, SHAWNKEEDRA MARTIN, and HAROLD MARTIN, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:20-CV-2147-K |
| HYUNDAI TRANSLEAD, INC., MID-WAY TRANSPORTATION, INC., DAVID WAYNE GARTH, and SEWELL VILLAGE CADILLAC COMPANY, INC., | § § § § § | |
| Defendants. | § § | |
| MID-WAY TRANSPORTATION, INC., | § § § | |
| Third-Party Plaintiff, | § § | |
| v. | § § | |
| ARMY AND AIR FORCE EXCHANGE SERVICE, RAYMUNDO CONTRERAS, PARITOSH ARORA, MINAHJ FORD, KIRBY DEAN DUNKIN, JAKE SCHOMBURG, ROGELIO PARRA, JAMES DALE ROSE, RICHARD FERRIN, and JORYAN JOHNSON, | § § § § § § § § § | |
| Third-Party Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

ORDER – PAGE 1

Before the Court are:  (1) Third-Party Defendant Army and Air Force Exchange Service's Motion to Dismiss (Doc. No. 5); (2) Plaintiffs Amanda Martin, Shawnkeedra Martin, and Harold Martin's Motion to Dismiss (Doc. No. 7); (3) Plaintiffs Amanda Martin, Shawnkeedra Martin, and Harold Martin's Motion to Remand (Doc. No. 9); and (4) Defendant/Third-Party Plaintiff Mid-Way Transportation, Inc.'s Motion for Limited Discovery on Derivative Sovereign Immunity (Doc. No. 25).  The Court has carefully considered the motions, the responses, the replies, the applicable law, and the relevant portions of the record.  Because the Court finds that Defendant/Third-Party Plaintiff Mid-Way Transportation, Inc.'s claims against Third-Party Defendant Army and Air Force Exchange Service must be dismissed under the doctrines of derivative jurisdiction and sovereign immunity, the Court **GRANTS** Third-Party Defendant Army and Air Force Exchange Service's Motion to Dismiss.  The Court finds that remand-related discovery would serve no useful purpose under these facts, therefore, the Court **DENIES** Defendant/Third-Party Plaintiff Mid-Way Transportation, Inc.'s Motion for Limited Discovery.  Because the Court finds it lacks subject matter jurisdiction over this matter, the Court **GRANTS** Plaintiffs' motion to remand. Because this case must be remanded for lack of subject-matter jurisdiction and a post-removal amendment cannot cure a jurisdictional defect, the Court does not rule on Mid-Way's motion for leave to amend, leaving this instead for the state court.

I.      **Factual and Procedural Background**

This action arises out of a fatal vehicle collision.  Defendant Mid-Way Transportation, Inc. ("Mid-Way") had allegedly agreed to transport a trailer owned by Army and Air Force Exchange Service ("AAFES") that contained goods.  Mid-Way's employee, Defendant David Wayne Garth ("Mr. Garth"), was driving Mid-Way's tractor with AAFES's trailer attached.  Plaintiff Harold Martin was driving a vehicle behind Mr. Garth, with his ten-year-old daughter (Plaintiff Amanda Martin is her mother) and his wife, Plaintiff Shawnkeedra Martin, as passengers.  Mr. Garth allegedly stopped suddenly because of a multi-vehicle accident ahead of him which then caused Mr. Martin to collide with the back of the truck.  Sadly, Plaintiffs' daughter did not survive the accident.

Plaintiffs Amanda Martin, Shawnkeedra Martin, and Harold Martin (collectively "Plaintiffs") filed this action in state court in Dallas County, Texas on August 29, 2019, against Defendants Hyundai Translead, Inc. ("Hyundai"), Mid-Way, Mr. Garth, and Sewell Village Cadillac Company, Inc. ("Sewell") (collectively "Defendants").  Plaintiffs non-suited Defendants Hyundai, Mr. Garth, and Sewell while the case was still pending in state court, leaving Mid-Way as the sole defendant. In their Second Amended Petition ("Petition") filed on July 9, 2020, Plaintiffs asserted claims against Mid-Way for vicarious liability and negligence.

On July 16, 2020, Mid-Way filed a Third-Party Petition naming numerous individual third-party defendants as well as AAFES, the owner of the trailer.  On that same day, Plaintiffs filed a Plea to the Jurisdiction over Mid-Way's claim against AAFES.  Before the hearing, Mid-Way itself removed the case to federal court on July 24, 2020 on the basis of its own Third-Party Petition asserting a claim against AAFES.  Plaintiffs and Mid-Way agreed to remand the case back to state court on August 11, 2020, and the case was remanded that same day.  AAFES then removed the case to federal court pursuant to 28 U.S.C. § 1442(a) on August 13, 2020.  AAFES filed its Motion to Dismiss on August 19, 2020, Plaintiffs filed their Motion to Dismiss on August 20, 2020 and their Motion to Remand on August 21, 2020.  The Court addresses those motions herein.

## II.      Removal Under 28 U.S.C. § 1442(a)

Section 1442(a) provides that a civil action initiated in state court "that is against or directed to . . . [t]he United States or any agency thereof . . . for or relating to any act under color of such office" may be removed to federal court.  § 1442(a)(1). Section 1442(a) is an exception to the well-pleaded complaint rule.  *Jefferson Cty. v. Acker*, 527 U.S. 423, 431 (1999).  "[I]t is the raising of a federal question in the officer's removal petition that constitutes the federal law under which the action against the federal officers arises for Art. III purposes."  *Mesa v. California*, 489 U.S. 121, 136

(1989); *see Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020). Section 1442(a) does not "independently support Art. III 'arising under' jurisdiction." *Mesa*, 489 U.S. at 136.

A removing federal agency named as a third-party defendant may remove under § 1442(a). *IMFC Prof'l Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 156 (5th Cir. 1982). The Army and Air Force Exchange Service is a recognized agency of the United States. *See Sheehan v. Army & Air Force Exch. Serv.*, 619 F.2d 1132, 1136-37 (5th Cir. 1980), *rev'd on other grounds*, 456 U.S. 728 (1982); *see also Manning v. Military Star*, Civ. Action No. 3:10-CV-1153-L, 2000 WL 35821503, at * 1-2 (N.D. Tex. Oct. 29, 2000)(Lindsay, J.). In its Notice of Removal, AAFES contends removal is proper because it is an instrumentality of the United States and the allegations involve AAFES property as well as AAFES's assertion of a sovereign immunity defense. AAFES's removal of this case was not objected to by any party. Accordingly, the Court concludes AAFES properly removed this case under § 1442(a). Although the case was properly removed, the Court must now determine whether it has subject-matter jurisdiction over this case. 28 U.S.C. § 1447(c).

### III.    Motion to Dismiss

AAFES filed its motion to dismiss asserting this Court has no jurisdiction over Mid-Way's Third-Party Petition claims against it because the doctrines of sovereign

immunity and derivative jurisdiction apply.  Therefore, AAFES argues the Court must dismiss all claims against it.  In its response, Mid-Way "agrees" that AAFES is entitled to sovereign immunity and "prays" that AAFES be dismissed from this action.  (Mid-Way did not address the applicability of derivative jurisdiction in its response to AAFES's motion, but did so in its response to Plaintiffs' motion to dismiss, stating that "Mid-Way does not disagree" that AAFES should be dismissed pursuant to binding Fifth Circuit case addressing the derivative jurisdiction doctrine.)  Mid-Way bears the burden of proof on this issue and the Court construes Mid-Way's agreement as conceding that derivative jurisdiction is applicable and that AAFES is entitled to sovereign immunity.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).  Accordingly, the Court finds that all claims asserted against AAFES must be dismissed under Rule 12(b)(1).

If Mid-Way were to dispute that it conceded dismissal of AAFES was required, the Court would nevertheless reach that exact conclusion for the following reasons.

## A.    Rule 12(b)(1) Standard

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims."  *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).  When a federal court determines subject matter jurisdiction does not exist, the court must dismiss the action.  *Id.*  Federal Rule

of Civil Procedure 12(b) provides that a party may file a motion asserting various defenses, including lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). When a Rule 12(b)(1) motion is filed, the party asserting jurisdiction bears the burden of proof. *Ramming*, 281 F.3d at 161. In determining a Rule 12(b)(1) motion, the court may consider "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). If a Rule 12(b)(1) motion is made without including evidence, the attack on the court's subject matter jurisdiction is facial rather than factual. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In that instance, the court "looks only at the sufficiency of the allegations in the pleading and assumes them to be true." *Id.* (citation omitted).

## B.   Derivative Jurisdiction

Under the doctrine of derivative jurisdiction, when a case is removed from state court to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction. *Minnesota v. United States*, 305 U.S. 382, 389 (1939); *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014). "Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had

jurisdiction." *Minnesota*, 305 U.S. at 389.  The Fifth Circuit confirmed this doctrine applies to cases removed under § 1442.  *Lopez*, 749 F.3d at 351.  Accordingly, this Court's jurisdiction is limited to that of the state court.

For the following reasons, the state court lacked jurisdiction over Mid-Way's third-party claims against AAFES.  Pursuant to this binding and well-established precedent of derivative jurisdiction, the Court did not acquire jurisdiction over any claim against AAFES on removal, and the Third-Party Petition against AAFES must be dismissed.

### C.     Subject Matter Jurisdiction

The United States is immune from being sued except to the extent that it consents or waives its immunity.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Gonzalez v. United States*, 851 F.3d 538, 543 (5th Cir. 2017); *see In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012) ("A plaintiff may only sue the United States if a federal statute explicitly provides for a waiver of sovereign immunity.").   "Waiver of sovereign immunity is strictly construed, meaning uncertainty is decided in favor of the government." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (*Willoughby v. United States ex rel. U.S. Dep't. of the Army*, 730 F.3d 476, 480 (5th Cir. 2013)).  Sovereign immunity extends to agencies of the United States.  *See Meyer*, 510 U.S. at 475.  The Army and Air Force Exchange Service is a

recognized agency of the United States and, therefore, it enjoys sovereign immunity. *See Sheehan*, 619 F.2d at 1136-37; *see also Manning*, 2000 WL 35821503, at * 1-2.

The Federal Torts Claim Act (the "FTCA") is the sole waiver of the United States' sovereign immunity for tort claims and federal courts have exclusive jurisdiction over such claims.  28 U.S.C. §§ 1346(b)(1), 2679(b); *see Lopez*, 749 F.3d at 351. Furthermore, an FTCA claim may be brought against the United States, not against a federal agency.  § 2679(a); *see Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988). "An FTCA claim brought against a federal agency or employee rather than the United States shall be dismissed for want of jurisdiction." *Esquivel-Solis v. United States*, 472 F. App'x 338, 339 (5th Cir. 2012) (citing *Galvin*, 860 F.2d at 183).

In its Third-Party Petition filed in state court, Mid-Way sued AAFES, a federal agency, alleging claims of negligence and/or other tortious conduct and seeking "contribution damages" that may be owed to Plaintiffs for their alleged injuries and damages. Doc. No. 1-8 at 49.  These claims most certainly fall within the scope of the FTCA.  *See Guevara v. United States*, Civ. Action No. 3:20-CV-0022-D, 2020 WL 1529005, at *3 (N.D. Tex. Mar. 31, 2020)(Fitzwater, J.) (plaintiffs asserted state-law negligence claims against government employees acting in scope of their employment and "[a]s such, the claims could only have been pursued under the FTCA.").  It is well-established that such claims are within the exclusive jurisdiction of the federal courts.

28 U.S.C. § 1346(b)(1); *see Lopez*, 749 F.3d at 351.  The state court lacked subject-matter jurisdiction over AAFES by virtue of these third-party claims Mid-Way asserted; accordingly, the doctrine of derivative jurisdiction dictates that this Court did not acquire jurisdiction over AAFES upon removal under § 1442(a).  *Lopez*, 749 F.3d at 351 ("[F]ederal sovereign immunity deprived the state court of subject matter jurisdiction" therefore the federal district court had no jurisdiction over claims against federal government); *see Guevara*, 2020 WL 1529005, at *3.  The Court must dismiss these claims against AAFES.  *See Cummings v. United States*, 648 F.2d 289, 291-92 (5th Cir. 1981) (federal court must dismiss "a case that falls within its exclusive jurisdiction if the case was first instituted in, and then removed from, a state court.").

Moreover, Mid-Way was required to bring its claims against the United States; these claims against AAFES, a federal agency, are not permitted.  *See* § 2679(a); *Galvin*, 860 F.2d at 183.  Mid-Way failed to identify any express waiver of sovereign immunity as to AAFES that would permit its claims to proceed.  *See Guevara*, 2020 WL 1529005, at *3.  Mid-Way bears "the burden of showing Congress's unequivocal waiver of sovereign immunity."  *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (internal quotation omitted).  It wholly failed to satisfy its burden.  Mid-Way's third-party claims against AAFES must be dismissed for lack of jurisdiction.  *See Galvin*, 860 F.2d at 183 (FTCA claim brought against federal agency instead of the United States

ORDER – PAGE 10

shall be dismissed for lack of jurisdiction); *Guevara*, 2020 WL 1529005, at *3 (failure to identify waiver of sovereign immunity requires dismissal of those claims for lack of subject matter jurisdiction).

The Court concludes it lacks subject-matter jurisdiction over Mid-Way's Third-Party Petition claims against AAFES for all the foregoing reasons.  Therefore, the Court **grants** AAFES's Rule 12(b)(1) Motion to Dismiss and **dismisses** Mid-Way's third-party claims against AAFES.  Plaintiffs also filed a Motion to Dismiss under Rule 12(b)(1) and Rule 12(h) (Doc. No. 7) asserting similar arguments that Mid-Way's third-party claims against AAFES must be dismissed.  Because the Court granted AAFES's Motion to Dismiss under Rule 12(b)(1), the Court need not address Plaintiffs' motion to dismiss.

### III.    Motion to Remand

The Court now turns to Plaintiffs' timely-filed Motion to Remand (Doc. No. 9) that is ripe for determination.  Plaintiffs contend generally that, upon dismissal of the federal agency AAFES, this Court must remand the case because there is no basis for this Court's jurisdiction.  Plaintiffs first assert that remand is required under the doctrine of derivative jurisdiction because this Court never acquired jurisdiction over Mid-Way's claims against AAFES, the federal agency that removed the case, so the Court cannot assert jurisdiction over any of the remaining claims or parties in this case.

If the Court finds remand is not mandated, Plaintiffs urge the Court to decline to exercise its supplemental jurisdiction under 28 U.S.C. § 1367(c) and remand the case in its discretion.  In its response, Mid-Way contends that derivative jurisdiction does not mandate remand of this case because the state court had jurisdiction over Mid-Way and because Mid-Way enjoys "derivative sovereign immunity" as a federal government subcontractor, this Court is vested with original jurisdiction.  Mid-Way argues alternatively that the Court should not decline to exercise its supplemental jurisdiction because this case involves "the protection of government contractors."  In their reply, Plaintiffs argue that this immunity defense was untimely asserted, but even so, federal question jurisdiction cannot be predicated on an affirmative defense and that type of immunity defense is not applicable under these facts.

### A.    Applicable Law

A federal court has subject matter jurisdiction over cases involving a question of federal law or where diversity of citizenship exists between the parties.  *See* 28 U.S.C. §§ 1331, 1332(a).  The party seeking the federal forum bears the burden of establishing the federal court's subject matter jurisdiction.  *See Manguno v. Prudential Prop. & Cas. Inc. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  "If at any time before a final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S. § 1447(c).

ORDER – PAGE 12

B.      Analysis

The Court has already determined that the doctrine of derivative jurisdiction applies in this case.  If derivative jurisdiction created a jurisdictional defect upon removal, then this Court was deprived of original jurisdiction at the outset and the case must be remanded.  If derivative jurisdiction resulted in a procedural defect, AAFES's removal under § 1442(a) did not itself vest the Court with original jurisdiction over the remaining claims in this case and Mid-Way was required to establish another basis for this Court's original jurisdiction which it failed to do.  Finally, the Court declines to exercise its supplemental jurisdiction over the remainder of the claims in this case after consideration of the relevant factors.  All told, the Court finds that it lacks subject-matter jurisdiction over this case and, therefore, it must be remanded.

1.      Jurisdictional Defect

Because the state court could not exercise jurisdiction over AAFES pursuant to the doctrine of derivative jurisdiction, this Court never acquired jurisdiction over AAFES upon removal.  Plaintiffs contend that remand is required pursuant to *Lopez v. Sentrillon Corp.*, 749 F.3d 347 (5th Cir. 2014) because the Court dismissed AAFES for lack of subject-matter jurisdiction and AAFES was the only possible "jurisdictional hook" for this Court's original jurisdiction.  Despite Plaintiffs' argument, it is not

entirely clear that *Lopez* demands this result. *See Schlorff v. Digital Eng'g & Imaging, Inc.*, Civ. Action No. 16-11016, 2016 WL 6276882, at *3 (E.D. La. Oct. 27, 2016).

In *Lopez*, the plaintiff sued defendant Sentrillon for injuries he sustained while working for a sub-contractor on a federal government project. *Lopez*, 749 F.3d at 348. Sentrillon was the general contractor for the United States Customs and Border Patrol on the project. Sentrillon then filed a third-party petition in state court against the United States seeking contribution and indemnification for any liability on the plaintiff's claims. *Id.* The United States removed the case to federal court under § 1442(a) and then moved to dismiss for lack of jurisdiction. *Id.* The district court ultimately found derivative jurisdiction applied and the state court lacked jurisdiction because of sovereign immunity which required the court to dismiss Sentrillon's claims against the United States. *Id.* The district court then found the doctrine of derivative jurisdiction created a jurisdictional defect because the court from precluded from acquiring "original jurisdiction as to the only asserted federal claim" and without this "jurisdictional anchor" supporting jurisdiction over the remaining claims, remand was required. *Id.* at 352. Alternatively, the district court concluded that if derivative jurisdiction had not deprived it of original jurisdiction, the court nevertheless declined to exercise its supplemental jurisdiction and remand was required. *Id.*

ORDER – PAGE 14

Sentrillon appealed both the dismissal of its claims against the United States and the court's remand of the case. *Id.* at 349. The Fifth Circuit affirmed that derivative jurisdiction unequivocally applies to cases removed under § 1442(a) and also affirmed the district court's remand. However, the Fifth Circuit did not decide that derivative jurisdiction requires remand under § 1447(c) if the party or claim that is the "jurisdictional anchor" is dismissed. *Id.* The Fifth Circuit affirmed the district court's remand because Sentrillon failed to appeal the district court's alternative grounds for remand in declining to exercise its supplemental jurisdiction and, therefore, waived the challenge. *Lopez*, 749 F.3d at 352 ("Sentrillon cannot prevail in its challenge to the district court's remand of the state-law claims whether we determine the district court was correct in ruling it lacked jurisdiction, because then the claims must be remanded, or whether we determine the district court was incorrect in ruling it lacked jurisdiction, because Sentrillon did not challenge the alternative basis for remand and thus waived it.").

Despite Plaintiffs' argument to the contrary, *Lopez* does not undoubtedly require remand in this instance. However, the Court finds that if derivative jurisdiction created a jurisdictional defect because the Court did not acquire original jurisdiction over AAFES, the sole "jurisdictional anchor" upon removal, then the case must be remand

under § 1447(c) because the Court never acquired original jurisdiction in the first instance.

### 2.      Other Basis for Original Jurisdiction Upon Removal

The case law is not clear on whether derivative jurisdiction creates a procedural defect, rather than a jurisdictional one.  Therefore, the Court will examine whether any other basis existed at the time of removal supporting the Court's original jurisdiction in the case a procedural defect resulted.

Mid-Way suggests that AAFES's removal under § 1442(a) vested this Court with subject-matter jurisdiction over this case.  Mid-Way is mistaken.  The mere action of AAFES removing this case under § 1442(a) did not vest this Court with original jurisdiction.  The Supreme Court explicitly held that § 1442(a) is "a pure jurisdictional statute" and, "therefore, it cannot independently support Art. III 'arising under' jurisdiction."  *See Mesa*, 489 U.S. at 136.  The only potential basis giving rise to this Court's original jurisdiction was AAFES's removal under § 1442(a) because it is a federal agency and also its assertion of the defense of sovereign immunity.  The record before the Court does not establish any other source for this Court's original jurisdiction at the time of removal.  *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal.").  Plaintiffs' Petition on its face does not present any claims giving

rise to federal question jurisdiction, and Mid-Way's third-party claims cannot provide "arising under" jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The facts giving rise to this Court's original jurisdiction are considered as they exist at the time of removal. Because the Court dismissed AAFES and finds there is no other source of original jurisdiction in this case supported by the record at the time of removal, remand is required. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### 3.    Derivative Sovereign Immunity

Mid-Way argues that remand is not required despite derivative jurisdiction because there is another basis for the Court's original jurisdiction. Mid-Way asserts that it is entitled to the defense of "derivative sovereign immunity" as a government contractor and "this Federal Court maintains original jurisdiction over this lawsuit due to Mid-Way's derivative sovereign immunity." Resp. (Doc. No. 20) at 5. For the previously stated reasons, the Court has determined there is no original jurisdiction in this case. However, in an abundance of caution, the Court addresses this argument Mid-Way puts forth. *See Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 233 (2007) ("Though we have not passed on the question whether, when sovereign immunity bars the claims against the only parties capable of removing the case, subject-matter jurisdiction exists to entertain the remaining claims, the point is certainly

debatable.").  Without addressing the merits of any such defense, the Court finds that this "derivative sovereign immunity" defense does not vest the Court with original jurisdiction under these facts and, as the Court has already concluded, remand is required.

<u>a.</u>   <u>Timeliness and Preservation of Right to Federal Forum</u>

For the first time in this litigation, Mid-Way argues in its response that it enjoys "derivative sovereign immunity" and, as a result, "this Federal Court maintains original jurisdiction over this lawsuit."  Mid-Way contends that as a subcontractor for the federal government, AAFES in this instance, Mid-Way should be insulated from any liability for transporting goods, citing the Supreme Court case *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18 (1940).  Mid-Way argues that it is "entitled to the protection of derivative sovereign immunity, and that determination should be made in this federal forum."  As an initial matter, the Court notes that it will not address whether the *Yearsley* defense is appropriately referred to as "derivative sovereign immunity." The Fifth Circuit noted that the Supreme Court in *Yearsley* did not address sovereign immunity in holding a federal government contractor may avoid liability if certain conditions are satisfied.  *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207-08 (5th Cir. 2009).  However, solely for the purpose of avoiding confusion, the Court will refer to "derivative sovereign immunity" as that is the term the parties use.

ORDER – PAGE 18

Mid-Way asserts this "derivative sovereign immunity" defense for the first time in its responses to the briefing before the Court.  This defense was never pled by Mid-Way prior to removal; no where in its state court pleadings or other filings does Mid-Way assert this defense.  *See Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990) (jurisdiction determined looking at state court pleadings at time of removal).  It was raised for the first time in Mid-Way's responses to the motions currently before this Court.  The Court must judge the jurisdictional facts as they existed at the time of removal.  *See Gebbia*, 233 F.3d at 883.  Therefore, Mid-Way cannot now attempt to create subject-matter jurisdiction in this Court after-the-fact in its responsive briefing.  *Id.*

The Court also concludes that Mid-Way did not preserve its right to invoke federal jurisdiction on this defense because it failed to allege it in any filing with the state court where it had litigated for almost one year before it was removed.  *See Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014) (a defendant served after removal "asserted its government contractor defense in the very first pleading it filed, such that it preserved its claim to a federal forum" even though co-defendant who had removed under § 1442(a) had been dismissed); *Pitre v. Huntington Ingalls, Inc.*, Civ. Action No. 17-7029, 2017 WL 6033032, at * 7 (E.D. La. Dec. 6, 2017) (defendant, who had been served prior to removal, preserved its right to assert federal jurisdiction

on its federal contractor defense because it asserted that defense in its answer in state court to plaintiff's petition).  Mid-Way does not cite the Court to any of its state court filings in which it asserted or otherwise alleged this "derivative sovereign immunity" defense prior to removal.  *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (removal jurisdiction depends on state court pleadings at time of removal); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).  Mid-Way's failure to timely assert this defense and to preserve its claim to a federal forum eliminates the only arguable basis Mid-Way puts forth for this Court's original jurisdiction.  Accordingly, the Court again finds it lacks subject-matter jurisdiction and remand is required under § 1447(c).

### b.    Federal Defense Not Basis for Original Jurisdiction

Timeliness and preservation issues aside, Mid-Way's argument that this defense vests this Court with original jurisdiction fails for other reasons as well.  First, it is well-established that a federal defense, actual or anticipated, may not serve as the basis for federal question jurisdiction.  *See Vaden*, 556 U.S. at 60.  "[T]he federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system.  It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim."  *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998); *see Stump v. Potts*,

322 F. App'x 379, 380 (5th Cir. 2009) (possible federal question raised in answer and counterclaim could not be considered in determining the district court's jurisdiction). "[A] suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden*, 556 U.S. at 60 (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)); *see Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."). Although removal under § 1442(a) is an exception to the well-pleaded complaint rule as previously noted, Mid-Way itself did not remove this case under that statute. The Court cannot find any basis in the law or other authority to conclude that this binding precedent does not apply in this instance under these facts. Therefore, the Court finds Mid-Way is not exempt from the well-pleaded complaint rule in attempting to establish this Court's subject-matter jurisdiction.

The Court considers this an attempt by Mid-Way to "piggyback" onto AAFES's removal under § 1442(a) in an effort to create subject-matter jurisdiction where there is none. The Court determined, and Mid-Way conceded, that AAFES must be dismissed from the case. The Court also determined that AAFES was "the only potential jurisdictional hook" based on the pleadings at the time of removal. The Court views this argument as a last-ditch-effort by Mid-Way to secure a federal forum to

ORDER – PAGE 21

litigate this case when the Court has no original jurisdiction. *Cf. Heritage Select LLC v. Gilford*, Civ. Action No. 1:18-CV-2780-SCJ-JSA, 2018 WL 4495494, at *5 (N.D. Ga. July 6, 2018), *report and recommendation adopted by* 2018 WL 4481988 (N.D. Ga. July 30, 2018) (removing party "cannot 'piggyback' new claims or counterclaims onto his Notice of Removal in order to provide subject matter jurisdiction" in federal court where original basis for removal "did not confer jurisdiction on [federal court] over an action removed from state court.").

Mid-Way may not now urge this defense in an attempt to create subject-matter jurisdiction in this Court.  *See Vaden*, 556 U.S. at 60 (federal defense, actual or anticipated, may not serve as the basis for federal question jurisdiction).  The case must be remanded as the Court lacks subject-matter jurisdiction.

<u>c.</u>     <u>Federal Courts Not Exclusive Jurisdiction For Defense</u>

Although Mid-Way contends that the determination of its entitlement to this defense "should be made in this federal forum," this argument is not persuasive.  The Court already concluded that Mid-Way did not preserve its right to a federal forum. Moreover, Mid-Way submits no case law or other authority for the suggestion that federal courts have exclusive jurisdiction over such a defense asserted by a federal *contractor* and that it may not be heard in state court.  *See JAJ Ventures, L.L.C. v. Envtl. Chem. Corp.*, Civ. Action No. 07-2718, 2009 WL 911020, at *4 (E.D. La. Mar. 31,

2009) (court dismissed third-party federal government defendants under derivative jurisdiction doctrine after they had removed under § 1442(a), then found remand of the plaintiff's claims appropriate so "the parties can, as they already had begun prior to removal, litigate" which included "*the defendants' assertion of their governmental contractor defense*.")(emphasis added); *cf. Willingham v. Morgan*, 395 U.S. 402, 407 (1969) (it is "the validity of the defense of *official immunity*" asserted by federal officers that is to be "tried in a federal court.")(emphasis added).

For all the foregoing reasons, the Court finds it does not have original jurisdiction over this case after dismissing AAFES and the case must be remanded under § 1447(c).

### 4.     Supplemental Jurisdiction

In the event the doctrine of derivative jurisdiction creates a procedural, rather than jurisdictional, defect and the Court did have original jurisdiction upon removal, the Court alternatively declines to exercise its supplemental jurisdiction over the remaining claims in this case now that AAFES has been dismissed.

In a case in which the district court has original jurisdiction, the court also has supplemental jurisdiction over claims in the action which are "so related" to the claims giving rise to the court's original jurisdiction "that they form part of the same case or

ORDER – PAGE 23

controversy under Article III."  § 1367(a).  Section 1367 further provides that the

district court may decline to exercise its supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

§ 1367(c).  The Supreme Court further instructed that district courts should consider

certain factors in deciding whether to exercise its supplemental jurisdiction, including

the values of judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ.*

*v. Cohill*, 484 U.S. 343, 350 (1988).  "When the balance of these factors indicates that

a case properly belongs in state court, as when the federal-law claims have dropped out

of the lawsuit in its early stages and only state-law claims remain, the federal court

should decline the exercise of jurisdiction by dismissing the case without prejudice."

*Id.*  In the Fifth Circuit, a district court has "wide discretion" in declining to exercise

its supplemental jurisdiction over state law claims where the court has dismissed the

federal claims. *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999).

In light of the facts in this case, the § 1367(c) factors and the *Carnegie-Mellon*

factors indicate the Court should decline to exercise its supplemental jurisdiction.

Considering the § 1367(c) factors, the only possible basis for this Court's original

jurisdiction, AAFES, has been dismissed from this action. Additionally, the record clear reflects that only state law claims have been alleged; therefore, state law clearly predominates in the remainder of this case. The *Carnegie-Mellon* factors also favor the Court declining to exercise its supplemental jurisdiction. The only federal claim was resolved early with AAFES being dismissed soon after removal, no discovery has taken place in federal court, and the Court has not set a trial date or even entered a Scheduling Order. Likewise, judicial economy does not weigh in favor of the Court exercising supplemental jurisdiction as little time and resources have been expended by the Court at this very early stage. Further, the Court can find no reasons to suggest that the parties will be inconvenienced or that unfairness will result from remanding this case to state court. Plaintiffs and Mid-Way, Texas citizens, litigated in state court for approximately one year before it was removed to this Court, and it is unclear from the record whether all the remaining third-party defendants have even been served. Comity and fairness weigh in favor of declining to exercise supplemental jurisdiction.

If the Court had original jurisdiction in the first instance upon AFFES's removal, the Court declines to exercise its supplemental jurisdiction having taken all the above-mentioned factors into consideration.

ORDER – PAGE 25

5.      **Conclusion**

Even though this case was properly removed by AAFES, the Court nevertheless finds that remand is required under the facts of this case because subject-matter jurisdiction is completely lacking in this matter. *See* § 1447(c); *see Powerex*, 551 U.S. at 225 (even if a case was properly removed, the district court may still remand the case for lack of subject-matter jurisdiction pursuant to § 1447(c)); *see also Manguno v. Prudential Prop.* & *Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (any doubts as to whether jurisdiction exists after removal must be construed strictly in favor of remand).

**IV.     Motion for Leave to Amend**

Well after the motions to dismiss and motion to remand had been filed, Mid-Way filed a Motion to Leave to File Second Amended Answer and Cross-Claims (Doc. No. 16). Although Mid-Way does not acknowledge as much in its motion, the proposed amended answer and "cross-claims" alleges, for the first time, an affirmative defense of "derivative sovereign immunity" as a federal government contractor.

The Court already concluded that it did not acquire original jurisdiction upon removal if the doctrine of derivative jurisdiction created a jurisdictional defect. Therefore, without subject-matter jurisdiction, this case must be remanded and the Court may not rule on this motion. Even if derivative jurisdiction resulted in a procedural defect, rather than jurisdictional, the Court demurs ruling on Mid-Way's

motion because the Court does not otherwise have original jurisdiction in this matter and, alternatively, declines to exercise its supplemental jurisdiction. "The jurisdictional facts that support removal must be judged at the time of removal." *Gebbia*, 233 F.3d at 883. An "amendment may not create subject matter jurisdiction when none exists." *See also In re Katrina Canal Breaches Litig.*, 342 F. App'x 921, 931 (5th Cir, 2009). Mid-Way cannot cure the jurisdictional defect in this case by amending its answer and "cross-claims" to allege a new defense of "derivative sovereign immunity" in an attempt to create federal question jurisdiction for this Court. *Id.* Because this case must be remanded for lack of subject-matter jurisdiction, the Court does not rule on Mid-Way's motion for leave to amend, leaving this for the state court.

### V.     Motion for Limited Discovery

Mid-Way also moves for limited discovery related to derivative sovereign immunity. For all the previously stated reasons, the Court finds that any discovery, however limited, would serve no useful purpose and only operate to delay this action further. *See In re Katrina Canal Breaches Litig.*, 342 F. App'x at 931 (amended claims cannot "create an entirely new jurisdictional basis to provide competence in a court which lacked authority over the case *ab initio*."). The Court **denies** this motion **as moot**.

ORDER – PAGE 27

## VI.    Conclusion

For the foregoing reasons, the Court **GRANTS** Third-Party Defendant AAFES's Motion to Dismiss (Doc. No. 5).  All claims asserted by Defendant/Third-Party Plaintiff Mid-Way against AAFES are hereby **dismissed**.  The Court also **GRANTS** Plaintiffs' Motion to Remand (Doc. No. 9).  The Court lacks subject-matter jurisdiction over this case.  *See* 28 U.S.C. § 1447(c); *cf. Powerex*, 551 U.S. at 225 (remand encompassed by § 1447(c) where "a district court remands a properly removed case because it nonetheless lacks subject-matter jurisdiction.").  This case is hereby **remanded** to the District Court of 192nd Judicial District, Dallas County, Texas.

**SO ORDERED.**

Signed November 13th, 2020.

*Ed Kinkeade*

ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 28